# James C. Morris, Appellee, v. Taylor Coal Company, Appellant.

1. WORKMEN'S COMPENSATION ACT, § 12*—*what is effect of plea of general issue in action at common law.* In an action by a mine employee against his employer for failure of the. employer to furnish the plaintiff a safe place in which to work, a plea of the general issue *held* to impliedly concede that defendant was not operating under the Workmen's Compensation Act.

2. APPEAL AND ERROR, § 369*—*when objection that action should have been brought under Workmen's Compensation Act may not be raised.* Where an employer, against whom an employee has brought an action at common law for failure of the employer to furnish the plaintiff a safe place in which to work, went to trial upon a plea of not guilty and offered instructions upon that theory, without raising the question as to the right of that court to proceed with such trial, *held* that such employer upon review after an adverse

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

finding upon the issues could not raise the question that the action should have been brought under the Workmen's Compensation Act.

3. MINES AND MINERALS, § 176*—*when evidence is insufficient to show knowledge by mine operator of dangerous condition of roof.* Evidence *held* not to show that defendant or its officers knew that certain rock in defendant's mine which afterwards fell and injured plaintiff was loose and liable to fall any time before it did fall, or that defendant by the exercise of reasonable care could have known it was loose or that conditions were such as to require defendant to prop and secure the roof where such rock was.

4. MINES AND MINERALS, § 89*—*what is duty of coal mine operator as to furnishing miner with props and timbers.* It is the duty of the coal operator under Rev. St. ch. 93, sec. 20, subdiv. 6 (J. & A. ¶ 7494), providing as to duties of mine manager, to furnish the miner with props and timbers sufficient to secure the miner's room and make the same safe.

5. MINES AND MINERALS, § 89*—*what is duty of miner as to propping and securing working room.* It is the duty of a miner under Rev. St. ch. 93, sec. 23, subdiv. (c) (J. & A. ¶ 7497), providing as to duties of miners, to properly prop and secure the room in which he works.

Appeal from the Circuit Court of Williamson county; the Hon. DeWitt T. Hartwell, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

DENISON & SPILLER, for appellant.

PILLOW & STONE, for appellee.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

The appellee recovered a judgment against appellant for $370 and costs, to reverse which this appeal is prosecuted.

This was an action at common law for negligence of the defendant in failing to furnish plaintiff with a reasonably safe place to work. It appears from the record that the appellant had filed a written notice with the Industrial Board by which it elected not to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

accept the provisions of the Compensation Act, but appellee failed to prove that a notice of this had been posted at the mine, and appellant has devoted much of its brief and argument to the question of the right of appellee to recover herein because of its failure to prove the posting of said notice or the service thereof, as provided by statute. The posting of this notice, or service thereof, is not made a condition precedent to the bringing of this action, but is only a means of showing that appellant had elected not to come under the provisions of the Compensation Act. The matter relied upon for a recovery by appellee in this case is the negligence of the defendant as charged in the declaration, and it seems to us that this is only a matter of inducement and is not in fact traversed by the plea filed, and by pleading the general issue the appellant impliedly concedes that it was not operating its mine under the Compensation Law. *Carlson v. Johnson,* 263 Ill. 556. *Pennsylvania Co. v. Chapman,* 220 Ill. 428. Independent of this, the appellant upon the trial of this case insisted that it was not guilty of negligence as charged in the declaration and offered instructions upon that theory, and failed to properly raise the question as to the right of the Circuit Court to proceed with this trial. If it is true that the appellant was under the Compensation Act, then the Circuit Court had no jurisdiction to try the cause, but it should have been submitted to another tribunal. The appellant has elected to take advantage of defenses that would not be permissible, if it was operating under the Compensation Act, and we see no reason for changing our views as expressed in the case of *Hughes v. Eldorado Coal & Mining Co.,* 197 Ill. App. 259. Since the decision of that case our attention has been called to a recent decision of the Supreme Court of Kansas, where a similar statute was under consideration. There the court sustained the action notwithstanding the failure to

prove the matters required by statute. *Frere v. Missouri, K. & T. Ry. Co.,* 94 Kan. 57, 145 Pac. 864. We believe that it would be unjust and unreasonable to permit a defendant to take advantage of all defenses that are permissible under a common-law action and then allow him, after these issues had been found adversely, to say that the suit had been brought in the wrong forum and that no liability existed at common law, or under the statute, except under the Compensation Act, where the court had jurisdiction of the subject-matter as the suit was tried.

After a careful reading of this record, we are of the opinion that the appellant was not guilty of the negligent act charged and that it was error to render judgment in favor of the appellee herein. While it is true that appellant's failure to operate its mine under the Compensation Law deprives it of the defenses of assumed risk, contributory negligence or negligence of a fellow-servant, yet before the plaintiff can recover it is necessary to prove that the defendant has been guilty of the negligence charged in the declaration. The declaration in this case charges that it was the duty of defendant to exercise reasonable care to provide him a reasonably safe place in which to pass and work. That appellant failed in that behalf and carelessly and negligently furnished him an unsafe place in this, that the roof of said room was in a falling, unpropped and unstable condition, and large pieces of coal, slate and dirt were liable to fall therefrom at any time and to strike appellee and injure him while engaged in the performance of such work. That appellant knew thereof or could have known by the exercise of reasonable care. That on the day aforesaid and while in the performance of his duties, by reason and on account of the negligence of appellant, a large piece of coal fell from the roof of said room and struck

appellee on the back and right side and right hip and injured him.

It appears from the evidence that the appellee was engaged at work in a room known as room No. 40, off the second south entry of appellant's mine, and that he had driven this room in some fifty or sixty feet and that he had performed all the work himself, and that this room was his working place. It further appears that about two months prior to this there had been a fall in this room which appellee had cleaned up, and that there had from time to time been small falls in the room, sometimes a little and sometimes more, and would run from three or four little pieces down to the size of your hand, at other times twenty-five to fifty pound chunks, maybe three or four shovelfuls. It further appears from the testimony of the appellee that on the morning of the day he was injured, and before he began his work, that he examined the roof of this room and the rock that fell, and says: "Had examined this rock that fell on me that same morning before it fell. Had tested it with a pick; took a pick and sounded the roof and that morning when I sounded it, if this piece was loose, I did not find it. When I did the testing I was standing on the rock that this rock fell upon. With my twenty years' experience as a practical coal miner, and applying the usual test, I did not find anything wrong with the rock that afterwards fell and struck me. One of the practical ways recognized by practical coal miners, to test whether or not a roof is safe or dangerous, is to tap the roof with a pick or some instrument of that kind. I went to work on the morning I was hurt at the regular time, maybe a little earlier. Was there about 7 or 7:30. Saw mine examiner's marks in the room. The company had a licensed mine examiner in its employ at that time; he went in to examine the room to see whether or not it

was in a dangerous condition. Saw the date marks of the examination at the face of the room; they were fifty or sixty feet beyond where the rock fell; they were in my usual working place. They were supposed to be of the date of the examination. The figures I saw were a five and six, I believe; that meant that it had been examined the night before; those figures were the date of the month and the day, and were made in chalk marks." While the charge in the declaration is in general terms, the evidence as to the negligence that constituted the approximate cause of the injury was as to the condition of the piece of rock or soap-stone that fell from the roof of the room and injured appellee. The charge in the declaration is that appellant knew the condition of this roof, or by the exercise of reasonable care could have known it, but the evidence of appellee is that the roof, so far as he could determine and ascertain by the usual test, was solid and not dangerous and not liable to fall. It also appears from his statement that the mine examiner's marks were in the room showing that it had been examined the night before. It further appears from the evidence that appellee was an experienced miner and was well acquainted with the usual tests applied in determining whether or not a roof was safe. He applied these tests and found the roof, at the point complained of, to be in a safe condition. If he as an experienced miner was unable to find that the roof was in a loose and dangerous condition, we are unable to see how it can be said that the appellant was negligent in not finding it. As we understand the law, it is the duty of the coal operator to furnish the miner with props and timbers sufficient to secure his room and make the same safe, and that it is the duty of the miner to properly prop and secure such place. Subdivision 6 of section 20, ch. 93, Hurd's Rev. St. (J. & A. ¶ 7494) provides, with reference to the duties of the mine manager: "He shall provide a sufficient number

of props, caps and timbers, when demanded, delivered on the miners' cars at the usual place, in suitable lengths and dimensions for the securing of the roof by the miners." Subdivision (c) of section 23, of the same chapter (J. & A. ¶ 7497) provides: "Every miner shall sound and thoroughly examine the roof of his working place before commencing work, and if he finds loose rock or other dangerous conditions, he shall not work in such dangerous place except to make such dangerous conditions safe. It shall be the duty of the miner to properly prop and secure his place for his own safety with materials provided therefor." No complaint is made in this case of a failure to furnish materials for propping the roof, but the complaint is that the roof was in a falling, unpropped and unstable condition. If it was in a falling, unstable and unsafe condition, it seems to us that it was the duty of appellee to properly prop and secure this place with the timbers that were furnished him, and that it cannot be said that where the miner had failed to prop and secure his room that that should be charged as an act of negligence upon the part of the appellant. We are of the opinion that the contention of counsel for appellant upon this question is correct, and that there was not any evidence to show that appellant or any of its officers knew that the rock in question, which afterwards fell and struck appellee, was loose and liable to fall any time before it did fall, or that there was any evidence to show that appellant, by the exercise of reasonable care, could have known that it was loose, or that there was any evidence showing such conditions as required appellant to prop this roof and secure it.

It appears to us that the appellee failed to prove appellant guilty of negligence in the premises, and the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*