Lawrence J. Wohlwend, Plaintiff-Appellee, v. Laverne Fosse, Defendant-Appellant.

Term No. 51–O–17.

Opinion filed January 12, 1952. Released for publication February 19, 1952.

FRANK E. TROBAUGH, and STEPHEN E. BRONDOS, both of West Franklin, for appellant.

R. W. Harris, of Marion, for appellee.

Mr. Justice Scheineman delivered the opinion of the court.

In a trial before the court without a jury the plaintiff was awarded judgment in the amount of $1,034.01 for damages incurred as a result of a truck-automobile collision at 8:45 p. m. on State Route 13, approximately three miles west of Marion, Illinois.

Both vehicles were proceeding East on said highway and the collision occurred as defendant was in the process of passing plaintiff's truck while it was turning left into a private driveway 20 feet wide leading off said highway into plaintiff's farm. For one and one-quarter miles each side of this point the road is level and straight presenting an unobstructed view both ways. Plaintiff's truck was a ton and one-half, 1949, International with a fourteen by eight-feet stake body extending over and approximately five feet back of the rear wheels and twelve inches out from the cab on both sides. It was loaded with a large tractor and tandem disc. Defendant was driving a 1948 Pontiac sedan.

There were no witnesses to the accident other than the respective drivers of the vehicles. Plaintiff's father, driving the truck, testified as follows: His gang lights and taillight were on and working. He was travelling about 35 miles per hour and when about 500 feet west of the driveway he started to slow down, looked into his rear view mirror, saw defendant's car behind him about one-quarter of a mile, put out his hand, and, flashing his stop light continuously, he kept his hand out until he started to turn into his driveway. Defendant hit the truck at the left-rear dual wheels when it was in the mouth of the driveway with all four wheels off the highway. The truck was turned over on its right side by the impact. Defendant's car was en-

435

tirely on the gravel of the driveway immediately after the collision. He did not hear the sound of a horn. On cross-examination he admitted he looked back only the one time and that he observed that defendant's car was moving faster than his. Previous to the accident the iron frame of the truck proper had been cut about a foot from the end and bent back and outward at a right angle; the taillight and stop light were attached behind and below this portion of the bent frame.

Defendant testified as follows: He first noticed the truck when he was about a quarter of a mile or a quarter and a half behind it. He was going about 65 miles per hour and the truck about 15 or 20. He pulled over into the passing lane when about 600 or 700 feet back of the truck. He saw the truck starting to turn when he was about 100 feet back and he then sounded his horn and put on his brakes, skidding his wheels. He did not see the truck driver's arm signal, nor the truck's stop light, and couldn't have seen either because of the extension of the body of the truck beyond the cab and the position of the taillight on the frame of the truck. When he hit the truck its left-rear wheels were still on the concrete. The driver of the truck made a 90-degree turn, practically a square turn. Visibility was good. When he pulled into the passing lane, about 600 or 700 feet back of the truck, it was about 200 feet from the driveway. The left-front wheel of his car was just off the highway when it came to a stop after the accident and the left rear wheel may have been. He did not attempt to cut his car either to the left or right of the truck.

From exhibits submitted in evidence and other testimony it was established that after the accident the truck was lying on its right side facing north into the driveway with its back wheels just off the pavement and the end of its platform extending 4 or 4½ feet onto the pavement. There was no further definite evi-

dence as to the position of defendant's car. Skid marks appeared 60 feet long in the passing lane. Earth shoulders on either side of the highway appeared to be about nine feet wide and unobstructed.

Defendant contends that the lower court's finding and judgment are against the manifest weight of the evidence and that plaintiff was guilty of contributory negligence as a matter of law in that he deliberately, without looking and in utter disregard of the consequences, turned left in front of defendant's car which he knew to be approaching from the rear.

With respect to the questions of fact, other than that of the alleged contributory negligence which we will discuss hereafter, we are of the opinion that there was sufficient evidence in the record upon which to base a judgment in favor of the plaintiff and we would not be warranted in disturbing the findings of the trial court on the ground that it was against the manifest weight of the evidence.

There was a conflict in the evidence on these facts, i. e., whether the truck driver gave a proper arm signal, whether it was seen or should have been seen by defendant, whether the taillight was flashing and was in a position to be seen and whether defendant saw or should have seen it, whether defendant should have sounded his horn before he saw the truck starting to turn, whether defendant's speed was reasonable under the circumstances so that he had his car under control. But the credibility of the witnesses testifying and the weight to be given their testimony were questions for the trial court to determine and this court will not substitute its judgment for that of the trial court. *Smith v. Farmers and Merchants Bank of Carlyle,* 329 Ill. App. 347.

In passing on the question whether the acts of plaintiff's agent constituted contributory negligence as a matter of law we are restricted solely to a con-

437

sideration of the uncontradicted facts and that evidence favorable to the plaintiff, *Budds v. Keeshin Motor Exp. Co., Inc.*, 326 Ill. App. 59; *Pienta v. Chicago City Ry. Co.*, 284 Ill. 246; *Thomas v. Buchanan*, 357 Ill. 270. In addition, we must be able to say that under the circumstances all reasonable and unbiased men, acting within the limits prescribed by the rules of law, would agree that he was not in the exercise of due care and caution for his own safety and that as a result his act was the proximate cause or contributing cause of the accident. *Pollard v. Broadway Cent. Hotel Corp.*, 353 Ill. 312.

Considering the facts under these rules we find that plaintiff's agent was travelling about 35 miles per hour, that when approximately 500 feet from the driveway he looked into his mirror, saw defendant approaching from the rear about a quarter of a mile back and travelling faster than he, that he proceeded to slow up, extended his arm and flashed his taillight signalling his intention to turn, that the taillight was working and visible, that he kept his arm extended and his taillight flashing until the point of entering the turn, that he did not look back again before making the turn.

Apparently, based upon his judgment of the speed of his truck and that of the defendant and of the distance between the two vehicles and the distance yet to be travelled to the driveway he concluded that he could safely make the turn, particularly in view of his precautionary signals of his intention. From the apparent positions of the vehicles at the time the truck started its turn (by defendant's own testimony he was 100 feet back), their positions at the moment of impact and their relative speeds, it would seem that defendant might have passed safely in his own right lane, thereby indicating that plaintiff's judgment, decision and his actions based thereon were not necessarily negligent.

■■■

■ The trial court in rendering its judgment in favor of plaintiff must have concluded that such actions constituted due care, and we do not feel that we would be warranted in saying that all reasonable men under the circumstances would disagree with this conclusion. Accordingly, the judgment of the lower court is affirmed.

*Judgment affirmed.*

CULBERTSON, P. J. and BARDENS, J., concur.