Roper Corporation, Plaintiff-Appellee, *v.* Spizzirri Graphics, Inc. *et al.,* Defendants-Appellants.

(No. 57391;

First District (4th Division)—February 27, 1974.

Merrill B. Meyer and Charles L. Wolberg, both of Chicago (Rappaport, Clorfene and Rappaport, of counsel), for appellants.

Arnstein, Gluck, Weitzenfield & Minow, of Chicago (Louis A. Lehr, Jr., and Eugene J. Kelley, Jr., of counsel), for appellee.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

Plaintiff, Roper Corporation, manufactured ranges. Defendant, Peter Spizzirri, individually and ultimately Spizzirri Graphics, Inc. (hereinafter defendant), sold to plaintiff various owners' manuals, inserts and other printed materials supplied with these ranges, as well as "tooling" (*e.g.* printing plates and the like) used in the production of the printed items. The other defendants in the original replevin suit are not involved in this appeal.

Following purchases defendant supplied plaintiff with reports in which

defendant itemized what printed materials it was holding in an "inventory" paid for by the plaintiff. Defendant represented that it was holding for plaintiff almost 600,000 units of printing materials and tooling at a total cost of almost $90,000. A misunderstanding developed between the plaintiff and defendant and in June 1970 plaintiff advised defendant that it (plaintiff) considered another source for some of its work. Defendant indicated to plaintiff that it would not ship to plaintiff the items which plaintiff claimed were paid for by the plaintiff.

On July 2, 1970, plaintiff instituted replevin action. The sheriff's return shows service on Peter Spizzirri. There is no return of the sheriff in the record that the described property was ever replevined, or delivered, or receipted for by the plaintiff. The replevin action was tried before the trial court on the issue of ownership of the property involved. The court entered an order finding in favor of plaintiff and entered judgment for possession of all items named and taken in this action including without limitation all printed materials and printing plates and for preliminary work.

The defendant describes the issue presented for review to be whether the procedure by which the property was seized conformed to law and whether as a question of fact, plaintiff had a right to the property. At no time prior to trial did defendant raise any question regarding the sheriff's return or the validity of this action. Defendant filed an answer pertaining to the question of the items involved in this appeal.

■■ At the trial defendant's attorney asked the court to determine who owned the property taken. At no time did the defendant question the sufficiency of plaintiff's evidence or the validity of the action here involved. At the conclusion of the trial, defendant's attorney asked the court to make a finding for defendant, as to the items identified during trial. In his post-trial motion, defendant merely requested a new trial, thus conceding the validity of the plaintiff's action. Thus, defendant waived any possible objection regarding the validity of plaintiff's action.

■■ In *Isham v. Cudlip*, 33 Ill.App.2d 254, 265, 179 N.E.2d 25, the court said, "The defendants filed no motion to dismiss the amended complaint and took no other steps in the trial court to question the propriety of replevin as an appropriate remedy for the plaintiff   *   *   *." Later, in its opinion, the court said further, "Having raised no objection to the amended complaint by motion, the defendants have waived any alleged defect herein, not objected to in the trial court. The defendants cannot try the case on one theory in the trial court and then, for the first time, try it on a different theory and with a different approach on appeal: *Humphrey v. Terry* (1955), 6 Ill.App.2d 42, 126 N.E.2d 507   *   *   *."

Since the determination of this case in the trial court, defendant in his

brief calls our attention to a decision of the Supreme Court of the United States, *Fuentes v. Shevin*, 407 U.S. 67, 32 L.Ed.2d 556, 92 S.Ct. 1983, holding a replevin statute similar to the Illinois Replevin Statute unconstitutional. Counsel for defendant also argued before this court that the Illinois Replevin Statute was unconstitutional. The decision in *Fuentes* nor the constitutionality of the Illinois Replevin Act is an issue in this appeal. Prior to the filing of its brief in this court, defendant has not raised a constitutional question. It has been held that under such circumstances a constitutional question is not preserved for review.

In *Flannery v. Allyn*, 75 Ill.App.2d 365, 221 N.E.2d 89, after a judgment had been entered against defendant in a libel action, he sought to raise certain constitutional grounds of defense announced in *New York Times Co. v. Sullivan*, 376 U.S. 254, 11 L.Ed.2d 686, 84 S.Ct. 710. In affirming the judgment below, and after reviewing numerous authorities, the court stated, at page 378:

> "The general rule that questions not presented in the trial court will not be considered on appeal applies to constitutional questions. Accordingly, the question of the constitutionality or validity of a statute, or the question of the constitutionality or validity of a municipal ordinance, or rule of the court, will not be considered by the reviewing court where the question was not raised in the trial court."

In *Mojonnier, Inc. v. Industrial Commission*, 41 Ill.2d 128, 242 N.E.2d 184, the Illinois Supreme Court said, at page 135:

> "* * * there is such a wealth of authority as to require no citation that a constitutional question cannot be presented in this court unless it was raised with sufficient specificity in the circuit court for that court to make a constitutional determination."

In *City of Chicago v. Birnbaum*, 49 Ill.2d 250, 274 N.E.2d 22, when defendant endeavored to contend for the first time on appeal that the city's demolition ordinance was unconstitutional the court said, at page 252:

> "This court will not pass upon a statute unless its validity is necessarily involved in the case and a decision of the question is material to the determination of the issue raised. [Citations.] The validity of the statute itself was not challenged in the complaint, raised in the answer, passed upon by the court, nor raised in the post-trial motion, and can not be questioned for the first time on appeal. [Citations.]
>
> Under the circumstances of this case, we hold that no constitutional question is presented to this court * * *".

■■ Even assuming, *arguendo*, that a constitutional question had been

raised and preserved for review, the fact remains that this action was tried by agreement, decided prior to the *Fuentes* decision and, hence, may not be retrospectively affected by that decision or its possible ultimate application to part of the Illinois Replevin Act.

For the reasons stated above, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and DIERINGER, JJ., concur.