(No. 12239.—Judgment affirmed.)
A. J. GIBBONS, Appellee, *vs.* THE PADUCAH AND ILLINOIS
RAILROAD COMPANY, Appellant.

*Opinion filed October 21, 1918.*

1. REAL PROPERTY—*right of owner to recover for obstruction of
the street.* A property owner whose means of travel on the streets
from his property is so obstructed by the construction of a railroad
embankment that he is able to travel but a block or two in any
direction on the streets on which the property abuts is entitled to
recover damages as for special injury not common to the public
at large even though the obstruction does not touch his property or
interfere with his means of egress from the property to the streets.

2. SAME—*what does not prevent a recovery of damages for ob-
struction.* The mere fact that a railroad company, in building an
embankment across a street, leaves a passageway on one side over
which a person may travel to another street, does not prevent a
recovery of damages on account of the obstruction, where such
passageway is no part of the plans and specifications of the im-
provement and has not been dedicated to the public by the railroad
company, which has done nothing to estop it from closing the
passageway at any time.

APPEAL from the Appellate Court for the Fourth Dis-
trict;—heard in that court on appeal from the Circuit Court
of Massac county; the Hon. D. T. HARTWELL, Judge, pre-
siding.

COURTNEY, HELM & HELM, (J. A. CONNELL, of coun-
sel,) for appellant.

FRED R. YOUNG, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit is an action for damages brought in the cir-
cuit court of Massac county by A. J. Gibbons, appellee,
against the Paducah and Illinois Railroad Company, ap-
pellant, for damages alleged to have resulted to appellee's
property from the obstruction of streets by the railroad

company and destroying appellee's ingress to and egress from his property.

Appellee's property consists of three lots, or parts of three lots, in block 56, in the city of Metropolis. Johnson street is a north and south street and is the western limit of the city. Appellee's property abuts 150 feet on Johnson street,—the distance of the north half of the block. Sixth street is an east and west street, appellee's property being at the northwest corner of the block, where Johnson and Sixth streets intersect, and abuts on Sixth street 100 feet, or two-thirds the distance that it abuts on Johnson street. There are two residences on appellee's property. The principal portion of the city of Metropolis, including the business district, is about four blocks east of the block where appellee's property is situated. The appellant railroad by authority of an ordinance of the city of Metropolis enters the city from the northwest, crossing Eighth, Seventh, Sixth, Fifth, Fourth and Third streets,—all east and west streets,—and is built on a high and wide embankment for the purpose of enabling it to pass over a bridge across the Ohio river. The railroad runs a little in a southeasterly direction, with a slight curve from where it enters the city to the river, and crosses diagonally Johnson and Vienna streets, which run north and south. From Eighth to Fourth street the railroad embankment closes all the streets it crosses. There is a subway under the railroad at Eighth street and at Fourth street. The railroad crosses Johnson street a little more than a block north of appellee's property, and crosses Vienna street,—the first north and south street east of appellee's property,—south of and near its intersection with Sixth street. The railroad and its embankment cut off a part of the northeast corner of the block in which appellee's property is situated. There is a natural obstruction in Johnson street between Sixth and Fifth streets, which prevents travel over that street from appellee's property to the next east and west street south of his premises. The travel north

from his property on Johnson street is obstructed between Seventh and Eighth streets and travel east is obstructed by the railroad embankment. There is no highway west from the point where Sixth and Johnson streets intersect. It will be seen from this description of the situation that the obstruction in Johnson street is a little more than a block north of the appellee's property and that the obstruction in Sixth street is a little less than a block east of appellee's property.

A jury was waived and the cause tried by the court, who heard the evidence, viewed the premises and rendered judgment in favor of appellee for $400 damages. The railroad company appealed to the Appellate Court for the Fourth District. That court affirmed the judgment and granted a certificate of importance and an appeal to this court.

Appellant asked the court to hold in propositions of law that to entitle appellee to recover it was incumbent upon him to prove an injury to himself which was not common to himself and all other property owners in the same block or neighborhood and the public at large; also that there could be no recovery unless appellee's property abutted on the street at the place where the street was obstructed. The court refused to so hold, and it is claimed by appellant this was erroneous. Similar questions have frequently been the subject of consideration by this court. The rule announced in *Rigney* v. *City of Chicago,* 102 Ill. 64, and followed in subsequent cases, is: "In all cases, to warrant a recovery it must appear that there.has been some direct physical disturbance of a right, either public or private, which plaintiff enjoys in connection with his property and which gives to it an additional value, and that by reason of such disturbance he has sustained a special damage with respect to his property in excess of that sustained by the public generally." In *Illinois Malleable Iron Co.* v. *Lincoln Park Comrs.* 263 Ill. 446, after referring to the power of the proper authorities to vacate or close streets so far as the public interests are concerned, the court said: "Owners of

284 – 36

property bordering on a street have, as an incident of their ownership, a right of access by way of the streets which cannot be taken away or materially impaired without compensation." In *City of Chicago* v. *Union Building Ass'n,* 102 Ill. 379, the court held no private action would lie for damages of the same kind as those sustained by the general public but would lie for peculiar damages of a different kind, though remote and consequential.

In every case brought by an individual to recover damages for closing or obstructing a public street where a recovery has been denied the denial has been on the ground that the damage claimed was the same kind of damage that would be sustained by the general public. If the only injury appellee suffered were the inconvenience of having to travel a little further in going to and from his premises his injury would be of the same kind as, though possibly greater in degree than, that of the general public. The right to travel the streets is one the public has a right to enjoy, but the right to use the streets as a means of ingress to and egress from private property is a private right, and the property owner may maintain an action for interference with that right. In *Swain & Son* v. *Chicago, Burlington and Quincy Railroad Co.* 252 Ill. 622, it was said: "It is sometimes a matter not entirely free from difficulty to determine what is and what is not such special injury as will support an action by an individual. The true test seems to be whether the injury complained of is the violation of an individual right or merely a hindrance to the plaintiff in the enjoyment of the public right."

In our view, closing the streets here complained of, by the railroad and its embankment, caused an injury to appellee of a different kind from that suffered by the general public. It was not merely an inconvenience necessitating further travel in going to and from appellee's premises, but was an interference with his right to use the public streets as a means of access to and egress from his premises. Clos-

ing Johnson street north of appellee's property prevented him from getting out that way. Closing Sixth street east of and between his premises and Vienna street, running north and south on the east side of the block in which appellee's premises are located, obstructed access to and egress from his premises in that direction, and Johnson street not being susceptible of use south of the property, access was barred from that direction. There is no highway leading west from Johnson street at or near where it is intersected by Sixth street. As we understand the evidence, but for a 25-foot passageway over appellant's property, running diagonally from Sixth street across the northeast corner of the block in which appellee's property is situated, to Vienna street, there is no way of access to and egress from appellee's premises to the east of the railroad. Said passageway will be referred to later. To reach the city lying east of the railroad from appellee's property through that passageway one can pass south on Vienna street to Fourth street, then east by a subway to a north and south street on the east side of the railroad. In other words, appellee's access to the streets from his property or to his property from the streets extends on Sixth street east from Johnson street to the railroad embankment, less than a block from Johnson street, and north on Johnson street from Sixth street to the railroad embankment opposite the second block north of Sixth street, or south on Johnson street, which cannot be traveled because of a natural obstruction and prevents an outlet that way. In view of these conditions it cannot be said appellee's right of access to and egress from his premises is not seriously interfered with and that his injury is not different in kind from that sustained by the public at large. The authorities hold that such an injury to an individual right will authorize a recovery.

Appellant's contention that to authorize a recovery in such a case as this the property, or some part of it, must abut on a street at the point vacated or obstructed is un-

tenable. If the right to use the streets as a means of passing to and from his property is prevented or interfered with it is a special damage to the property owner. It would seem absurd to say if obstructions had that effect still there could be no recovery unless the property abutted or bordered the street at the place of the obstruction. The mere right to pass to the property from a part of the street upon which the property abutted, and from the property to the street, when but a short distance from the property the street was so obstructed that no passageway was afforded beyond the obstruction, would be attended with the same character of injury as if the property abutted the obstruction. In the *Rigney case, supra,* the obstruction was 220 feet from the plaintiff's property and a recovery was allowed. In *City of Chicago* v. *Burcky,* 158 Ill. 103, the southwest corner of plaintiff's property touched the place where the street was vacated, but in front of the property and leading east the street was open. There was no access to the property from south of the street whereon the property abutted, and that street west of the property was vacated. A recovery of damages was sustained. In *City of Chicago* v. *Union Building Ass'n, supra,* (much relied upon by appellant,) plaintiff's property was three and one-half blocks from the street vacated. The court said it was not and could not reasonably be claimed that the closing of the street in any degree interfered with access to the plaintiff's property; that the streets adjacent to it all remained open, and the only effect upon the property owner was that he would have to go a little farther to reach certain points, and that the same would be true of the public, generally, having to pass from the property. The opinion in that case was filed at the same term of court at which a rehearing in the *Rigney case, supra,* was denied, and that case is cited and approved in the *Union Building Ass'n case. City of East St. Louis* v. *O'Flynn,* 119 Ill. 200, and *Guttery* v. *Glenn,* 201 id. 275, are cited and relied on by appellant. In those cases the

property sued for did not abut upon the street at the point where it was obstructed, and in both of them a recovery was denied, not because the property did not abut the obstruction but because the injury to the property owner was of the same character as that suffered by the public at large, which was the inconvenience occasioned by traveling farther when going from the street in front of the property to a particular part of the city, which was the same kind of an injury suffered by the public at large. Access to and egress from the premises were not otherwise affected by the obstructions.

The court properly refused to hold the propositions of law submitted by the appellant on the questions we have discussed.

The first, fourth and fifth propositions in the main announce the law correctly and would be unobjectionable except they state as the law that to entitle plaintiff to recover he is required to show an injury to himself which was not common to himself "and all other lot owners in the same block or neighborhood" and the public at large. Appellant denies that the propositions were so intended, but they appear to state that no recovery could be had if the injury was common to the plaintiff and other lot owners in the same block or neighborhood whose property was similarly situated and affected. The trial and Appellate Courts appear to have so understood said propositions. As appellant concedes that is not the law and denies the propositions were intended to have any such meaning it is unnecessary to discuss the question or cite authorities.

The sixth proposition in substance states that if defendant left a 25-foot passageway for the use of the public on the east end of the block in which appellee's property is situated, which gives free access by way of Vienna street to Sixth street, then there could be no recovery. The railroad embankment where it crosses Sixth street is about 110 feet wide and 18 feet high and extends over and across part of

the block in which appellee's property is situated. The 25-foot driveway from Sixth street to Vienna street is on the west side of this embankment and entirely on appellant's property. The embankment across Sixth street was built in 1916 and became an obstruction to travel in July of that year. There is no evidence that appellant dedicated the driveway to the city or that it intended to keep it open permanently for public use. McCready, a civil engineer in appellant's employ, testified the driveway was left open for the convenience of the public but that it was no part of the plans or specifications for building the railroad embankment across Sixth street. Corliss, another civil engineer in appellant's employ, testified the driveway had been open about sixty days at the time of the trial, which occurred in June, 1917. He further testified the driveway could not be made a satisfactory road because the wash of clay from the railroad bank would make its condition bad. When this suit was brought to the August term, 1916, and up to the time of its hearing, there had been no action of appellant that would estop it from closing said driveway any time it saw fit. Under the evidence in this case the court properly refused to hold the proposition of law requested.

The trial court filed a written opinion and a finding of facts which are incorporated in the bill of exceptions. Neither party asked for a finding of facts. The correctness of the action of the court in these respects is presented for our consideration by the assignment of errors but is not seriously complained of in the brief and argument of counsel. There was no impropriety in the court's action in this regard.

The measure of damages adopted by the court was the difference in the market value of appellee's property before and after the railroad embankment was built. There was some conflict in the testimony of the witnesses for the respective parties as to the amount of the damages. The court personally viewed the premises and assessed the dam-

ages at $400, which was well within the amount testified to by appellee and his witnesses.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*