No. 3 Oakland Suburban Heights, Inc., Edward Staulcup and Lenora Staulcup, Plaintiffs-Appellants, v. H. W. Bekermeier, Superintendent of Highways of McLean County, Illinois, and the County of McLean, Illinois, Defendants-Appellees, and Bloomington-Normal Airport Authority, a Municipal Corporation, Intervening-Defendant-Appellee.

Gen. No. 10,888.

Fourth District.

April 3, 1968.

Dunn, Dunn, Brady, Goebel, Ulbrich & Hayes, of Bloomington (Frank M. Brady, of counsel), for appellants.

Hugh A. Henry, Jr., State's Attorney of McLean County, of Bloomington, and Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington (William R. Brandt, of counsel), for appellees.

TRAPP, J.

A defendant, Bekermeier, Superintendent of Highways of McLean County, entered an order vacating a portion

of a highway known as Airport Road in McLean County, Illinois. Plaintiffs appeal from a judgment of the circuit court which dismissed their complaint for administrative review of such order.

The trial court found that no "appearance" was made for one of the three plaintiffs at a public hearing conducted by the County Superintendent of Highways, pursuant to chapter 121, § 6–306, Ill Rev Stats 1965, so that the plaintiffs failed to meet the requirements for obtaining a judicial review of the final administrative decision of the County Superintendent of Highways as provided in chapter 121, § 6–315a, Ill Rev Stats 1965:

> "Any 3 persons who, at a hearing conducted by the County Superintendent of Highways . . . , have been permitted to appear, in person or by counsel, and to introduce evidence and cross examine witnesses, may . . . obtain judicial review of such final administrative decision of the Superintendent."

Plaintiffs' property does not abut the portion of the road which the County Superintendent determined to close. Such north and south road is a mile long extending between two major east and west roads. The County Superintendent determined to close the north half, while the plaintiffs' property abuts the south half of such road. Access formerly existing to the north is cut off by such vacation.

Plaintiffs' original complaint alleged that H. W. Bekermeier, as County Superintendent of Highways of McLean County, Illinois, held a hearing on March 15, 1966, on appeal from a decision of Everett Lapin, Bloomington Township Highway Commissioner, entered February 26, 1966. The complaint alleged that on the March 15, 1966 hearing, the County Superintendent reversed the decision of the Bloomington Township Highway Commissioner and entered a preliminary decision to close the Airport

Road, and that on August 11, 1966, the County Superintendent made such order final. In such decision the County Superintendent of Highways recognized a certain stipulation with regard to the vacation of the road, which stipulation, as drawn, contemplated the signature of each of the three plaintiffs, and recited them as "undersigned" in paragraphs 4 and 5 of the stipulation. The stipulation contained a release of damages, and was signed by a number of persons, but not by any of the plaintiffs.

The complaint alleged that a request was made by plaintiffs for a determination of damages to plaintiffs' property, and that such request was denied. It further alleged that the township highway commissioner had not filed the petition with the county superintendent, and that therefore the county superintendent was without jurisdiction to hear an appeal.

The complaint prayed an order that the order of the County Superintendent be set aside.

Plaintiffs asked leave to file Count II to the complaint which alleged additionally that closing of the road without providing for compensation for damages was in violation of the Constitution of Illinois and the Constitution of the United States, which prohibit the taking of property without just compensation. Count II contained a prayer for damages, an alternative prayer that no action be taken with regard to closing the road without determining damages and an alternate prayer that the proceedings be held void.

In this appeal the parties do not pursue the point that the proceedings before the County Superintendent of Highways of McLean County were void, but confine themselves to the claim that the statute, which was the basis of the denial of their administrative review, chapter 121, § 6–315a, Ill Rev Stats 1965, is unconstitutional and void.

If the statute provided judicial review only if three or more persons asserted that property was taken without just compensation or due process, but denied judicial

review where one person asserted such deprivation, it would be held that judicial review could not constitutionally be made dependent upon the number of persons deprived of the right. Again, if the complaint for administrative review alleged that plaintiffs' rights of access were, in fact, completely cut off, although the Highway official had found to the contrary, judicial review of the question could not properly be made dependent upon the fact that the rights of access of three or more persons were completely cut off. See Whitmer et al. v. Highway Com'rs, 96 Ill 289, 294. This appeal does not require such determination. Plaintiffs have assumed that a determination has been made that they have suffered no damage by reason of the closing of the road and that such determination is final as to them if they do not pursue the remedy of administrative review. They further assume that judicial review must provide relief either by a judicial order staying proceedings until damages are determined, or by a judicial order that the County Superintendent of Highways determine the damages, which determination it is presumed would again be subject to administrative review. Such presumptions are not supported by a review of the authorities under the pertinent statutes.

■ Persons whose land does not immediately adjoin a highway but who are affected by its vacation and, who in fact suffer an injury which is not common to the public generally, have a right of action against a public body which is subject to suit. City of Chicago v. Burcky, 158 Ill 103, 109, 110, 42 NE 178; Hill v. Kimball, 269 Ill 398, 409, 410, 110 NE 18; Gibbons v. Paducah & I. R. Co., 284 Ill 559, 120 NE 500.

■ ■ Under the statutes in question, which are similar to historic provisions for establishing and vacating highways, the assessment of damages is not jurisdictional when the proceeding is for vacation only. Assessment of damages is jurisdictional only when there is a taking

of land. Fesser v. Achenbach, 29 Ill App 373 on 376. Damages need not be ascertained before a road is vacated. Commissioners of Highways of Town of Saline v. Klaus, 199 Ill App 108 (Abst.) headnote 9. The Supreme Court has held, in reference to the vacation of a highway, that the mere fact that damages were not ascertained in the proceeding is not jurisdictional for the reason that the damages, if any, suffered by the parties could be recovered in an action at law. Brown v. Robertson, 123 Ill 631, 15 NE 30; Stetson v. Chicago & E. R. Co., 75 Ill 74; People ex rel. Illinois Zinc Co. v. Lynch, 255 Ill App 601 on 608.

Chapter 121, § 6–309, Ill Rev Stats 1965, with which we are here concerned, follows the pattern of the historic decisions in this field of law. After providing that the County Superintendent of Highways may agree with the owners on the damages for taking, altering, widening or vacating highways, it provides in the second paragraph of § 6–309 that in case the superintendent cannot agree with the owners of the land "necessary for the laying out, widening or alteration of such road on compensation to be paid," the superintendent may enter condemnation proceedings. In this second paragraph no mention is made of "vacation."

 Where land is taken, damage is presumed. Where a highway is vacated and there is no factor of land taken, persons claiming damages must prove injury not common to the general public. Damages suffered by a property owner are normally fixed by a jury. Where no part of a property owner's land is actually taken, mandamus will not ordinarily lie to compel institution of eminent domain proceedings. An exception is made in the case of the sovereign state because it cannot be sued. People ex rel. Haynes v. Rosenstone, 16 Ill2d 513 on 515, 158 NE2d 577.

 The statute does not authorize a county superintendent of highways to ascertain or determine damages in the absence of an agreement. Where land, is in fact,

taken, he must institute condemnation. Where a highway is vacated without the taking of land, the statute does not provide for the determination of damages.

In this case there is nothing in the decision of the County Superintendent of Highways which specifically purports to determine damages except as to adjoining owners.

We hold that any determination by the County Superintendent of Highways that the plaintiffs suffered no damages by the closing of the road, if such be made by him, would be beyond the jurisdiction conferred upon him, and that such persons who suffer special damages which are distinguishable from those damages suffered by the general public are not barred from suing by reason of the determination of the County Superintendent of Highways.

Since we hold plaintiffs could not obtain the relief sought in the administrative review proceeding, i. e., determination of their special damages alleged to result from closing the road, and since such determination is not jurisdictional to closing the road, the judgment of the trial court dismissing the suit for administrative review is affirmed.

Affirmed.

SMITH, P. J. and CRAVEN, J., concur.