(No. 42358.-■■■■■■)

THE CITY OF CHICAGO, Appellee, v. IRVING BIRN-
BAUM *et al.,* Appellants.

*Opinion filed September 30, 1971.*

IRVING BIRNBAUM, of Chicago, *pro se,* (LEO K.
WYKELL, of counsel,) for appellant.

RICHARD L. CURRY, of Chicago, Corporation
Counsel, (MARVIN E. ASPEN and RICHARD F. FRIED-
MAN, Assistants Corporation Counsel, of counsel,) for
appellee.

MR. JUSTICE DAVIS delivered the opinion of the
court:

The circuit court of Cook County, after a hearing,
entered an order authorizing the City of Chicago to
demolish two buildings located at 613 West Armitage
Avenue, because they were in a dangerous and unsafe
condition. The city's complaint for repair or demolition
set forth the conditions constituting Building Code viola-
tions found on the premises.

The defendant, Birnbaum, owner of the buildings, has appealed, and contends that the statute providing for such action by the city is unconstitutional; that the decree deprived him of his property without adequate and just compensation contrary to section 13 of article II of the Illinois constitution; that the demolition order was against the manifest weight of the evidence; that the court improperly ordered the defendant to trial without the assistance of counsel and without time to prepare for trial, and finally, that the city had prevented the defendant from making the necessary repairs by refusing to issue repair permits and by asking the court to enter two board-up orders.

At the outset, the city urges that the issue of the constitutionality of section 11—31—1 of the Illinois Municipal Code (Ill.Rev.Stat.1965, ch.24, par.11—31—1) was not raised in the trial court; that, therefore, the defendant is not entitled to argue it here, and that the appeal presents no debatable constitutional issue in this respect. We agree.

The record shows that the defendant failed to file an answer to the city's complaint, and proceeded to trial on that basis. He first sought to file an answer as part of a motion to vacate the decree, which motion was properly denied. Furthermore, the report of proceedings fails to reveal any motion, oral or written, to dismiss the city's complaint on constitutional grounds, such as that made in *City of Aurora v. Meyer, 38 Ill.2d 131.* In his motion to vacate, the defendant asserted that the "hearing and said decree of demolition was in violation of due process provisions of the Illinois Revised Statutes and the Constitution of the United States." This challenge, however, is to the procedural due process at the trial and to the decree which was entered at its conclusion, and not to the statute under which the proceeding was brought. Ill.Rev. Stat.1965, ch.24, par.11—31—1.

We have ruled earlier on this precise question. In *City*

*of Chicago v. Shayne, 27 Ill.2d 414,* we stated at 418: "Validity of a statute is involved, so as to confer jurisdiction on the Supreme Court by direct appeal, only where its constitutionality was a matter of primary inquiry in the trial court. This court will not pass upon a statute unless its validity is necessarily involved in the case and a decision of the question is material to the determination of the issue raised. [Citations.] The validity of the statute itself was not challenged in the complaint, raised in the answer, passed upon by the court, nor raised in the post-trial motion, and can not be questioned for the first time on appeal. [Citations.]" Also see: *Benson v. Isaacs, 22 Ill.2d 606, 610.*

Under the circumstances of this case, we hold that no constitutional question is presented to this court for review on the issue of the constitutionality of section 11—31—1.

The defendant also asserts that he was denied procedural due process and that the order deprived him of his property without adequate and just compensation. The record indicates that the defendant's counsel, on the date of the hearing, asked for and was given leave to withdraw, and that the defendant, an attorney, proceeded with his own defense at the trial and made no objection to the continuation of the trial without additional counsel. These facts do not sustain the charge of lack of procedural due process.

Section 13 of article II of the Illinois constitution of 1870 proscribed the taking or damaging of private property for public use without just compensation. In this case, the city demolished the defendant's properties to abate a public nuisance; it did not acquire the property. The complaint alleged that the buildings had been illegally converted from their original plans and lacked adequate fire exits, fireproofing of stairways, and fire resistant partitions between apartment units. The record sustains these allegations and that the buildings were vacant and

open, and had been vandalized by the removal of plumbing and electrical fixtures; that thereby the buildings of adjoining property owners were placed in danger of damage by vandals; that the floors and siding of the buildings were loose, partially removed and sagged; that the porches and stairs were rotted, dilapidated and partially missing; that the window sashes were rotted and broken; and that the front building had depreciated 32 percent and the rear building 28 percent. It is apparent that the hazardous condition of these buildings could not be remedied by repair without the major reconstruction of the property.

The record indicates that the public welfare, health and safety of the surrounding area was imperilled by these circumstances, and the city properly and of public necessity exercised its police power and abated this nuisance by ordering the buildings demolished. (See: *McQuillin Municipal Corporations, vol. 7, 3rd ed. section 24.561.*) We believe that the facts in this case warranted the court's use of the demolition statute and recognize that such drastic method of correcting the existing evil should be employed with restraint and only if the dangers cannot be otherwise abated.

We also note that this action was filed in July, 1966; that the defendants were served with summons in July and in the early part of August, 1966; that an order was entered in May, 1967, for a reinspection of the building and report by the City Building Department, and the defendant was ordered to submit plans and permits and to report on the progress in connection with bringing the buildings into compliance with the City Building Code; that other hearings were held, but nothing was done by the defendant, and that the case was set for hearing on May, 14, 1968, and decree entered May 15, 1968. These facts reflect that the defendant had more than adequate opportunity to repair the premises, but failed to do so and permitted a dangerous public nuisance to develop and

continue in connection with the properties, which nuisance was detrimental to public health, safety and welfare.

The defendant next questions whether the proof introduced in evidence by the city was sufficient to justify the findings of the court. He relies in particular upon *City of Aurora v. Meyer, 38 Ill.2d 131,* where we reversed a demolition order entered by the Kane County circuit court which was similar in language to the decree entered in the case at bar. In *City of Aurora,* however, there was no proof that the building was abandoned, and the defendant was not given the details of its alleged defects. In this case there was abundant and detailed proof in these respects. In *City of Aurora,* no testimony was introduced, as was here, indicating the nature and extent of the deterioration of the building, so that the court could properly determine whether an order to demolish or to repair was the appropriate order.

It appears, moreover, from the record here, that the defendant had 19 months in which to make the necessary repairs to conform his buildings to the city's building code, and that he failed to make any such repairs, evidently in expectation of a condemnation proceeding.

Furthermore, the defendant filed no answer denying the city's allegations, and those matters well-pleaded are therefore admitted. (Ill.Rev.Stat.1965, ch.110, par.40 (2).) Finally, the only evidence introduced by the defendant in opposition to the proof of the city was a letter from the Department of Urban Renewal indicating that the defendant's properties would be condemned in connection with the Lincoln Park General Neighborhood Renewal Plan. Thus, the city's evidence stands uncontradicted. We have reviewed the record and are satisfied that the decree of the trial court is fully supported by and was not against the manifest weight of the evidence.

Finally, the defendant argues that the city prevented him from making the necessary repairs by refusing to issue building permits and by ordering the buildings boarded up,

and, therefore, it should be estopped from seeking a demolition order. No proof was offered by the defendant to sustain the assertion that the city refused to issue permits. As to the defense that the city precluded the defendant from making the repairs by ordering the buildings boarded up, the statute in question (Ill.Rev.Stat 1965, ch. 24, par. 11—31—1) clearly deprives him of this defense. It provides: "It is not a defense to such cause of action that the building is boarded up or otherwise enclosed nor may the court order such building boarded up or otherwise enclosed."

The defendant's additional argument that the board-up orders, entered during the pendency of this litigation, were illegal and contrary to the statute has merit. However, any error in this respect does not impair the validity of the final judgment entered herein and is not a basis for its reversal. Thus, the judgment of the trial court was correct and it is, therefore, affirmed.

*Judgment affirmed.*