JOHN E. McCUE et al., Plaintiffs-Appellants, v. ROBERT R. BROWN, Acting County Superintendent of Highways of Gallatin County, et al., Defendants-Appellees.

(No. 73-58;

Fifth District—August 29, 1974.

Charles W. Phillips, of Ridgway, for appellants.

Joseph R. Hale, of Shawneetown, for individual appellees.

Dayton L. Thomas, State's Attorney, of Shawneetown, for appellee Robert R. Brown.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Gallatin County, dismissing plaintiffs' complaint in an action seeking judicial review of a final decision of a superintendent of highways to vacate a section of a township road.

Defendant Brown, acting county superintendent of highways of Gallatin County, entered an order dismissing plaintiffs' appeal from a final decision of the highway commissioner of the town of Bowles Mill to close a segment of a township road. Plaintiffs appeal from the judgment of the trial court which dismissed their complaint for review on the ground that they, plaintiffs, lacked the legal capacity to sue.

Plaintiff John E. McCue has a life estate in a tract of land used for tree farming which lies within 2 miles of the road segment subject to the highway commissioner's vacation order. Plaintiff Don J. McCue holds a remainder interest in the same tract of land by virtue of the last will and testament of his grandfather, John E. McCue, Sr., a certified copy of which was introduced into evidence during hearings held before the county superintendent of highways. The precise nature of Don McCue's property interest is unclear. The parties agree that he has a remainder interest, but disagree whether his interest is vested or contingent. Don McCue has no other property interest in any other tract of farm land lying within 2 miles of the road segment involved in these proceedings.

The record shows that said road segment currently provides the only means of access to the McCue's land. The McCues, in their complaint,

allege that the closing of said road will adversely affect them by totally eliminating access to their tract.

Plaintiff Margaret Ellis owns 250 acres of farm land north of the McCue property. A creek, known as the Saline River, separates the two tracts. The record shows that the road segment involved in these proceedings currently provides no access to the Ellis land and that its closing will not adversely affect plaintiff Ellis. Mrs. Ellis attended the hearing on the closing of the road conducted by the highway commissioner but failed to make oral or written objections to the closing.

Plaintiffs' complaint alleged that Robert R. Brown, as acting county superintendent of highways of Gallatin County, Illinois, held a hearing on December 10, 1971, on appeal from a final order of the highway commissioner of the town of Bowles Mill vacating a certain 970-foot portion of a township road and that on March 3, 1972, the acting county superintendent of highways filed a final order dismissing plaintiffs' appeal from the highway commissioner. In his order of March 3, the acting county superintendent found that plaintiffs failed to meet the requirements for obtaining review of the highway commissioner's order as provided in section 6—312 of the Highway Code (Ill. Rev. Stat. 1971, ch. 121, par. 6—312):

> "In case such final order was entered by the highway commissioner as provided in Section 6—311 of this Code, finally determining the advisability of such proposed laying out, widening, alteration or vacation of any township or district road, any 3 qualified petitioners who may have signed the petition for such proposed laying out, widening, alteration or vacation, or any 3 legal voters residing within 2 miles of any portion of such road, or any 3 others persons owning land operated as a farm within 2 miles of any portion of such road, may (if either they are qualified petitioners *or they both have raised objections at the hearing* pursuant to Section 6—311 of this Act *and will be directly and adversely affected* * * *." (Emphasis added.)

The complaint alleged that the county superintendent improperly dismissed plaintiffs' appeal from the highway commissioner without a hearing on the merits. The record shows that the county superintendent of highways limited questioning to the qualifications of plaintiffs under section 6—312 to pursue an appeal from the highway commissioner's final order. Plaintiffs, in their complaint, alleged that they are either legal voters residing within 2 miles of the portion of road involved in these proceedings or owners of lands operated as a farm within 2 miles of said portion, or both, and that they were denied permission to offer evidence before the highway commissioner or to present evidence on the merits

before the county superintendent of highways. Plaintiffs further alleged that no sworn evidence was received at hearings before the county superintendent.

Plaintiffs' complaint also asserted the invalidity of proceedings before the highway commissioner and that provisions of the Highway Code (Ill. Rev. Stat. 1971, ch. 121, pars. 6—312 (heretofore set forth), 313, 315a[1], which limit appeals from highway commissioner and highway superintendent road-vacation orders to certain qualified petitioners, contravene the Illinois Constitution (Ill. Const. Art. I, §§ 2, 12 and 15) and therefore are unconstitutional.

On April 21, 1972, the named defendants (appellees herein) filed a joint motion to dismiss the complaint or, in the alternative, for summary judgment. Part I of the motion sought dismissal on the ground that plaintiffs lacked legal capacity to sue; Part II moved for summary judgment; and Part III sought dismissal on the ground that plaintiffs' complaint was substantially insufficient in law. The plaintiffs filed a motion to strike defendants' joint record and the partial record and, in the alternative, moved that the entire record of all administrative agencies be ordered filed. The motions were heard before the trial court and that court entered an order denying plaintiffs' motion to strike and plaintiffs' alternative motion to order all records filed and granting Part I of defendants' motion to dismiss without considering Parts II and III of defendants' joint motion.

Defendants-appellees contend that the only question for determination by this court is whether there was sufficient ground in the defendants' joint motion to dismiss to warrant the judgment of the trial court dismissing plaintiffs' complaint for administrative review. We agree. Plaintiffs are limited in this appeal to a review of the judgment below.

■■ Under the statutes in question, only plaintiff John E. McCue clearly meets the statutory requisites for judicial review. Arguably, plaintiff Don McCue qualified as an owner of land operated as a farm within the meaning of section 6—312. However, this appeal does not require such a determination. The plaintiff, Margaret Ellis, testified that she will not

---

[1] Section 6—315a of the Highway Code (Ill. Rev. Stat. 1971, ch. 121, par. 6—315a) provides in pertinent part:

"Any 3 persons who, at a hearing conducted by the county superintendent of highways pursuant to Section 6—306, 6—311 or 6—312 of this Act, have been permitted to appear, * * *, and to introduce evidence and cross examine witnesses may (if they are qualified petitioners, or have raised objections at a hearing pursuant to Section 6—311 or 6—312 of this Act and will be directly and adversely affected by such proposed alteration or vacation) obtain judicial review of such final administrative decision of the superintendent * * *."

be adversely affected by the vacation and that she did not make oral or written objections at the hearing before the highway commissioner. Consequently, plaintiffs do not fall within that class of persons eligible to obtain judicial review within the provisions of section 6—315a of the Highway Code (Ill. Rev. Stat. 1971 ch. 121, par. 6—315a), and the court below properly dismissed their complaint for administrative review.

■■ The plaintiffs contend herein that the statutes which are the basis of the denial of review (Ill. Rev. Stat. 1971, ch. 121, pars. 6—312, 313, 315a) contravene the provisions embodied in the United States Constitution, amendments V (due process) and XIV. However, since this issue was not raised in any of the proceedings below it cannot be urged for the first time on appeal. *People v. Amerman,* 50 Ill.2d 196, 279 N.E. 2d 353; *City of Chicago v. Birnbaum,* 49 Ill.2d 250, 274 N.E.2d 22; *Jarvis v. Herrin City Park District,* 6 Ill.App.3d 516, 285 N.E.2d 564.

■■ The plaintiffs also contend, as they did in their complaint, that these statutes are contrary to the Illinois Constitution (Ill. Const. art. I, §§ 2, 12 and 15) and, therefore, such statutes are unconstitutional and void. One of these statutes, section 6—315a of the Highway Code (Ill. Rev. Stat. 1971, ch. 121, par. 6—315a), provides a statutory proceeding for review. Our supreme court, in *People ex rel. Munn v. McGoorty,* 270 Ill. 610, 621, 110 N.E. 791, has ruled that: "In statutory proceedings the legislature has the power to provide how such cases shall be reviewed, *if at all* \* \* \*" (emphasis added), and also, at page 617, that "there is a marked distinction between such cases [review of courts of record] and cases arising in purely statutory proceedings, in which the legislature may provide for an appeal or review and the manner thereof, *or may provide that there be no appeal or review.*" (Emphasis added.)

■■ This holding has been reiterated in subsequent decisions, in which our supreme court has emphasized that, in reviewing statutory proceedings, a "court can obtain jurisdiction to review the decisions only in the manner prescribed by the legislature." (*Berry v. Industrial Com.* (1973), 55 Ill.2d 274, 277, 302 N.E.2d 277. See also. *Peter H. Clark Lodge No. 483 v. Industrial Com.,* 48 Ill.2d 64, 268 N.E.2d 382.) Furthermore, our supreme court held in *Vissering Mercantile Co. v. Annunzio,* 1 Ill.2d 108, 115 N.E.2d 301, that there is no constitutional right to judicial review of administrative adjudicative action. Authority for this view originates in article 6, section 9 of the Illinois Constitution of 1970, which provides that "Circuit Courts shall have such power to review administrative action as provided by law." It should be noted that plaintiffs do not attack article 6, section 9 of the Illinois Constitution on Federal constitutional grounds.

Appellants refer to article I, section 12 of the Illinois Constitution and

its provision that every citizen "shall find a certain remedy in the laws for all injuries and wrongs which he receives \* \* \*." However, this language is similar to the language of the previous constitutional guarantee (Ill. Const. art. II, § 19), which was in effect at the time of the *McGoorty* decision.

■■ Both appellants and appellees rely on *No. 3 Oakland Suburban Heights, Inc. v. Bekermeier*, 94 Ill.App.2d 67, 235 N.E.2d 867, for support in resolving the constitutionality of section 6—315a. Since the court's holding avoided the constitutional question, any reference to constitutionality or unconstitutionality is purely dictum. However, our reading of this decision supports appellees' position, in that the court's focus was whether there existed a remedy for the plaintiffs' claims for damages for the partial loss of access to their properties. The court emphasized that:

> "Persons whose land does not immediately adjoin a highway but who are affected by its vacation and, who in fact suffer an injury which is not common to the public generally, have a right of action against a public body which is subject to suit." (94 Ill. App.2d at 71.)

Similarly, in the present case, under the rationale of *Bekermeier*, plaintiffs are not precluded from filing an action for damages resulting from the denial of access to their property. The court's constitutional concern in *Bekermeier* seemed to be whether any remedy for damages be limited to the existence of three plaintiffs.

Accordingly, the decision of the trial court is affirmed.

Judgment affirmed.

CREBS and JONES, JJ., concur.