ROSE McMAHON, Plaintiff-Appellant, *v.* GERALD McMAHON, Defendant-Appellee.

First District (3rd Division)    No. 80-1573

Opinion filed June 17, 1981.

Peter Bowyer, of Hanover Park, for appellant.

James M. Tourek, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Rose McMahon, appeals from an order of the trial court dismissing her amended complaint against her adult son, Gerald McMahon, for failure to state a cause of action. Plaintiff seeks to impose a constructive trust on a home located in Streamwood, Illinois. Plaintiff resides in the home, but legal title is in defendant's name. When the court struck the amended complaint, it gave plaintiff leave to file another complaint. Plaintiff, however, elected to stand on her pleading, and the court dismissed the action for want of equity.

We initially and briefly address defendant's contention that defects in the notice of appeal deprive this court of jurisdiction of this case. The notice of appeal is addressed to the circuit court rather than to the appellate court. Additionally, the notice of appeal indicates that the appeal is taken from an order dismissing the action for failure to state a cause of action rather than for want of equity.

■■ The purpose of a notice of appeal is to inform the party prevailing in the trial court that the other party seeks a review of the judgment; to this

end, the notice of appeal is to be liberally construed, and defects in form will not deprive the reviewing court of jurisdiction. (*Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 394 N.E.2d 380.) The present notice of appeal attains its purpose and clearly informs defendant that plaintiff seeks review of the dismissal of her complaint. This court has jurisdiction to decide the case.

■■ Where there is either fraud or a breach of a confidential relationship, the law will impose a constructive trust on the gain received by the trustee as a result of the breach. (*Ray v. Winter* (1976), 39 Ill. App. 3d 567, 350 N.E.2d 331.) Such a trust arises by operation of law and not by agreement between the parties. The statute of frauds is therefore inapplicable to actions seeking a constructive trust. (*Ray v. Winter.*) The requisite confidential relationship exists where one reposes trust in another to such extent that the trustee exercises influence over the other. (*Stone v. Stone* (1950), 407 Ill. 66, 94 N.E.2d 855.) Among the factors to be considered in determining whether a confidential relationship exists are kinship between the parties, disparity in age, health, mental condition, education and business experience, and the extent to which the beneficiary reposed faith and confidence in the trustee. (*Cunningham v. Cunningham* (1960), 20 Ill. 2d 500, 170 N.E.2d 547.) The constructive trust arises when a trustee abuses the confidential relationship. (*Tarpoff v. Karandjeff* (1964), 51 Ill. App. 2d 454, 201 N.E.2d 549.) Although the relationship of mother and child does not constitute a confidential relationship as a matter of law (*McCrillis v. Utterback* (1947), 397 Ill. 550, 74 N.E.2d 682), there often exist additional circumstances between a mother and child which together give rise to the confidential relationship necessary to support a constructive trust. See, *e.g., Oster v. Oster* (1953), 414 Ill. 470, 111 N.E.2d 319; *Krieg v. Felgner* (1948), 400 Ill. 113, 79 N.E.2d 60.

In the present complaint, plaintiff alleges that she is an aged widow and that she chose defendant to care for her and her property two years after her husband's death. Her physical health was failing and she trusted defendant. She responded to defendant's assurance that he would take care of her as trustee of her home by deeding her home in Chicago into a trust with defendant as the sole beneficiary on May 21, 1969, believing that she retained an interest in the property.

The complaint further recites that in June 1969, she moved from her Chicago residence to the home at issue in Streamwood where she made mortgage payments upon defendant's assurance that she was the owner. When plaintiff moved, defendant rented out the Chicago residence. By October 1974, the mortgage on the Chicago residence had been paid in full. Unknown to plaintiff, defendant sold the Chicago residence on contract in 1975. In 1978, plaintiff asked defendant to sell the Chicago residence. Also in 1978, the contract purchasers sold the Chicago resi-

dence to a Mr. and Mrs. Perez. Plaintiff further alleged that $5,000 obtained by defendant from the Chicago property when it was in trust was used as a down payment on the Streamwood residence. She also alleged that defendant used the proceeds from the sale of the Chicago residence to purchase a home in Hanover Park where he now resides. Plaintiff made the periodic mortgage payments on the Streamwood home because she believed that she owned the home. She recently discovered that title to the property was solely in defendant's name. Plaintiff alleged that she believed that defendant was taking care of her as he had promised, and that all of his actions were taken without her consent. She claimed that, due to defendant's conduct, she has no real property.

We believe that the complaint, although inartfully drawn, alleges sufficient facts to state a cause of action for a constructive trust. Plaintiff states that she is recently widowed, aged, in failing health, and that she reposed trust in her son to hold the Streamwood residence in trust for her. The complaint clearly sets forth a confidential relationship.

■■ Although less apparent, plaintiff also has alleged the requisite breach of the confidential relationship. If she thought that defendant would care for her property as trustee, then his effecting the transfer of title into a trust with only himself as beneficiary sets forth a breach of the confidential relationship. (*Oster v. Oster.*) If such a breach occurred, a constructive trust would have been imposed upon the Chicago home prior to its sale, and now may be imposed upon the proceeds of the trust property, the Streamwood home. (*Winger v. Chicago City Bank & Trust Co.* (1946), 394 Ill. 94, 67 N.E.2d 265; *Connelly v. Estate of Dooley* (1981), 96 Ill. App. 3d 1077.) Or, if plaintiff elects, she may seek to hold defendant personally liable for the trust property which she claims to have lost by virtue of his breach of confidence. (*Wallace v. Malooly* (1954), 4 Ill. 2d 86, 122 N.E.2d 275.) Accordingly, plaintiff states a cause of action for a constructive trust.

Defendant urges, however, that irreconcilable allegations are contained in the complaint which render it fatally defective. He states that the complaint alleges, on the one hand, that the proceeds of the sale of the Chicago residence were used to purchase the Streamwood home in 1969 and, on the other hand, that the Chicago residence was not sold until 1978, after the Streamwood purchase occurred. The complaint merely alleges that defendant purchased the Streamwood property with funds obtained from the Chicago property when it was in trust. Accordingly, there is no fatal inconsistency in the pleadings.

■■ We do not believe it relevant that an express trust was the vehicle used by plaintiff to repose trust in defendant to care for her property. Whether plaintiff evinced her confidence in defendant by a trust instrument or other means, a constructive trust may be imposed if she was led

452

by defendant to believe she retained ownership but in fact she did not. Bogert, Trusts & Trustees §482, at 281 (2d ed. 1978); *Oster v. Oster*.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing plaintiff's amended complaint is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

RIZZI, P. J., and McGILLICUDDY, J., concur.