CLYDE DORSEY *et al.*, Plaintiffs-Appellants, v. WAYNE SPENCER *et al.*,
Defendants-Appellees.

Fourth District   No. 4—84—0378

Opinion filed February 27, 1985.

Thomas R. Appleton, of Springfield, for appellants.

Larry J. Flynn, of Flynn & Flynn, of Jacksonville, for appellees.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

This case concerns interpretation of article 6 of the Illinois Highway Code (Ill. Rev. Stat. 1981, ch. 121, par. 6—101 *et seq.*), which provides for the administration of township and road district roads. More particularly, the case involves division 3 of that article (Ill. Rev. Stat. 1981, ch. 121, par. 6—301 *et seq.*), setting forth the procedure for laying out, widening, altering, or vacating such a road. In general, the legislative scheme appears to indicate an intention to have a standard procedure for handling each of the four matters. However, in regard to proceedings to vacate roads, division 3 contains several ambiguities. The validity of such a proceeding is at issue here. We hold that, despite some statutory language to the contrary, compliance with certain procedures, applicable to the three other types of procedures, is not a requisite to the valid vacation of a road.

On September 27, 1982, plaintiffs, Clyde and Dorothy Dorsey, filed a complaint in the circuit court of Morgan County against defendants, Wayne, Marceline, and Marlin Spencer, seeking a judgment declaring that a certain "public highway which is a township road" had never been vacated and continued to be a township road. On March 31, 1983, a second amended complaint was filed. Subsequently, defendants filed a motion to dismiss on the basis that the complaint had been rendered moot because a valid vacation of the road had been effectuated pursuant to article 6, division 3, of the Code. On September 26, 1983, the trial court allowed the motion, dismissing the complaint in bar of action. On October 13, 1983, plaintiffs filed a motion to reconsider which was denied on April 27, 1984. Plaintiffs have appealed. We affirm.

A brief description of the format of division 3 is necessary in order to understand this case. Section 6—303 of the Code (Ill. Rev. Stat. 1981, ch. 121, par. 6—303) sets forth the methods by which proceedings to lay out, widen, alter or vacate may be initiated. This section contains a procedure, applicable only to proceedings to vacate,

whereby the township or road district highway commissioner (commissioner) may commence a proceeding to vacate a road by filing a "certificate *** to vacate [the road]" with the clerk of the township or road district and the county clerk. After the action has been commenced, the subsequent procedures follow the same pattern regardless of the type of action requested. By the terms of section 6—305 of the Code (Ill. Rev. Stat. 1981, ch. 121, par. 6—305), the commissioner, upon filing of a certificate by himself or upon receiving a petition pursuant to section 6—303, is required to hold a hearing after giving a prescribed notice. After holding the hearing, the commissioner is required to "decide and publicly announce whether he will grant or refuse" the laying out, widening, altering or vacation of the road.

Defendants' motion to dismiss was accompanied by certificates of the Highway Commissioner of Morgan County Road District No. 12, which purportedly complied with the foregoing provisions of division 3 for vacation of the road in question. The dispute between the parties is as to whether subsequent requirements of division 3 were shown to have been satisfied.

Section 6—306 of the Code (Ill. Rev. Stat. 1981, ch. 121, par. 6—306) contains a procedure for appealing a commissioner's decision, which refuses to permit the laying out, widening, altering or vacating of a road, to the county superintendent of highways (superintendent). There is no appeal at that stage from the granting of any of the four types of action. However, under section 6—311 of the Code (Ill. Rev. Stat. 1981, ch. 121, par. 6—311), after an original decision by the commissioner to proceed or after an appeal to the superintendent and a decision by the superintendent to proceed, a final hearing is usually required to be held by the commissioner or, if an appeal has been taken, by the superintendent. After that hearing, a final order must be entered. If both the commissioner and the superintendent refuse to permit the requested action, that order of the superintendent becomes the final order. Section 6—315a of the Code (Ill. Rev. Stat. 1981, ch. 121, par. 6—315a) sets forth a procedure for administrative review by the circuit court of final orders.

An exception to the procedures set forth in the preceding paragraph which eliminates any necessity for a second hearing before the commissioner is provided by the following portion of the last paragraph of section 6—305:

> "A final hearing may be held at the time of the preliminary or adjourned meeting if all damages have been released, all surveys and plats are made and there are no objectors." (Ill. Rev. Stat. 1981, ch. 121, par. 6—305.)

The documents attached to defendants' motion do not indicate that more than one hearing was held by the commissioner. Thus, the action taken was sufficient to vacate the road in question only if the commissioner complied with the foregoing provisions of section 6—305, or if compliance with these provisions was not required.

Plaintiffs contend that there was no showing of compliance with the foregoing provision for holding both a preliminary and final hearing at the same time because there was no showing that damages had been released or that "all surveys and plats [had been] made." Defendants agree that no such showing was made, but contend that neither the release of damages nor survey and plat requirements are applicable to proceedings to vacate. We agree with defendants.

Section 6—307 of the Code states in part that if the highway commissioner, or upon appeal from his decision, the county superintendent of highways, enters "a preliminary order for the laying out, widening, alteration or vacation of a township *** road, the [commissioner] or [superintendent], as the case may be, shall cause a survey and plat of such township or district road to be made by a competent surveyor who shall report such survey and plat to the [commissioner] or [superintendent], as the case may be." The report is to contain "the courses and distances and [specify] the land over which such road *is to pass.*" (Emphasis added.) Ill. Rev. Stat. 1981, ch. 121, par. 6—307.

Section 6—308 (Ill. Rev. Stat. 1981, ch. 121, par. 6—308) provides that after a highway commissioner or, upon appeal from his decision, the county superintendent of highways has entered a preliminary order for the laying out, widening, alteration or vacation of a road, and a survey therefor has been completed pursuant to section 6—307, proceedings must "next be taken" to fix the damages which will be sustained by the adjoining landowners by reason of such "laying out, widening, altering or vacation." By the terms of section 6—309 (Ill. Rev. Stat. 1981, ch. 121, par. 6—309) damages may be determined either by agreement between landowners and the commissioner or by proceedings in eminent domain. However, the authority of the commissioner or superintendent to proceed in eminent domain is limited to proceedings to lay out, widen, or alter roads.

Section 6—311 of the Code, which provides for entry of a final order by the commissioner or superintendent, states:

"Within 20 days after the damages likely to be sustained by reason of the proposed laying out, widening, alteration or *vacation* of any township or district road have been finally ascertained, either by agreement of the parties or by condemnation

proceedings, or within 20 days after such damages may have been released, the [commissioner] or the [superintendent], as the case may be, shall hold a public hearing at which he shall hear and consider reasons for or against the proposed laying out, widening, alteration or *vacation* of such road, and at which time and place he shall publicly announce his final decision relative thereto." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 121, par. 6—311.

Despite the express inclusion by the legislature of proceedings for vacation of a road with those for the three other types of actions in connection with the requirement for determining and releasing damages, we have held that a determination or release of damages is not a required condition of a valid decision to vacate a township or district road. In *No. 3 Oakland Suburban Heights, Inc. v. Bekermeier* (1968), 94 Ill. App. 2d 67, 235 N.E.2d 867, administrative review was sought in the circuit court from an order of the superintendent vacating a township road. Then, as now, section 6—315a of the Illinois Highway Code (Ill. Rev. Stat. 1965, ch. 121, par. 6—315a) required the joinder of three or more plaintiffs, who had appeared in the proceedings below, before administrative review in the circuit court could be sought. As the plaintiffs there did not include three such persons, the circuit court dismissed the case. Plaintiffs appealed to this court, maintaining that the requirements that three such plaintiffs were necessary was an unconstitutional deprivation of due process.

The theory of those plaintiffs was that by allowing the vacation of the township road, the commissioner had deprived them of any right to damages. They then reasoned that if any right was created to appeal such a deprivation, due process required that it be open to all persons and not be limited to situations where at least three persons, who had appeared below, sought relief. However, this court held that a question of deprivation of damages was not in issue because damages were not part of the procedure involved in the vacation of roads. This court noted earlier cases under a similar statutory scheme which had so held. (*Brown v. Robertson* (1888), 123 Ill. 631, 15 N.E. 30; *Stetson v. Chicago & Evanston R.R. Co.* (1874), 75 Ill. 74.) This court also pointed out that section 6—309 gave no authority to the appropriate highway officials to bring condemnation proceedings ancillary to those to vacate a road. The court concluded that the remedy for those seeking damages by virtue of the vacation was by separate suit against the road district. As the rights of the plaintiffs there to damages were not involved in the vacation proceeding, this court concluded that plaintiffs suffered no constitutional deprivation resulting

from the requirement that three objectors were necessary to seek administrative review.

■ The decision in *No. 3 Oakland* is binding precedent here. Moreover, its holding is the only logical reconciliation of the ambiguities of division 3 arising from the legislative attempt to combine the proceedings to lay out, widen, alter and vacate roads into one format. If release of damages is a prerequisite of a valid vacation, an objecting property owner could prevent the vacation forever. The property owner could not be required to accept an offer of compensation and the commissioner and superintendent would be without power to require the damages to be determined through condemnation proceedings. If determination of damages is not a prerequisite to a valid vacation, it would be illogical to require a release of damages to be a prerequisite to holding a combined preliminary and final hearing under section 6—305.

The precedent of *No. 3 Oakland* is also beneficial in determining whether the stated requirement of section 6—305 for the making of surveys and plats before preliminary and final hearings can be combined is applicable to vacation proceedings. The decision establishes that the reference to proceedings to vacate in sections 6—307, 6—308, and 6—309 cannot be literally construed when to do so creates ambiguity with other sections of division 3. The ambiguities with reference to the requirements for surveys and plats are similar to those concerning damages. Section 6—307 includes proceedings to vacate among those where "a survey and plat" is to be made, but the section then states that the report of the survey and plat is to specify "the land over which such road *is to pass*." (Emphasis added.) Section 6—328 of the Act (Ill. Rev. Stat. 1981, ch. 121, par. 6—328) states that when a road is "laid out, widened or altered" the commissioner shall have a plat made and recorded with the recorder of deeds. On the other hand, section 6—329 of the Act (Ill. Rev. Stat. 1981, ch. 121, par. 6—329) states that upon vacation of a road, the commissioner "shall cause a legal description of the road or part thereof vacated" to be recorded in the office of the recorder of deeds. The recorder is directed to then "mark the plat previously recorded in such manner as to show the vacation and to indicate the book and page number where the description is recorded."

■ We hold that the furnishing of a proper description of the road being vacated is all that is required to be provided for use in determining the location of a road before a valid vacation of the road can take place. Plaintiffs here stress the importance of having an accurate survey of the road so that boundary lines between the parties

can be determined. We do not deem that to be a logically necessary requirement for a vacation. The boundary lines will be no less certain after the vacation than they were before. The description given to the recorder of deeds, together with the action of the recorder in compliance with section 6—329, is sufficient to inform the public that the public no longer has the use of the road.

■ As the uncontested documents attached to defendants' motion indicated that a proper description of the road to be vacated had been given, the commissioner's act of holding preliminary and final hearings together was proper. Accordingly, the circuit court properly dismissed plaintiffs' complaint.

Taken with the case was a motion by defendants to dismiss plaintiffs' appeal as being untimely. Because we have determined to deny the motion, we have first discussed the merits of the appeal. Nevertheless, a brief explanation of our ruling is required.

In 1977, plaintiffs had filed a similar complaint against defendants, together with the then Morgan County highway superintendent and the commissioner of Road District 12, in the circuit court of Morgan County. That case was designated as No. 77—LM—154. That complaint was dismissed "without prejudice" in 1978. When plaintiffs filed the instant notice of appeal on May 25, 1984, they inadvertently designated the appeal as being in case No. 77—LM—154, rather than in case No. 82—MR—21, which was the designation of the instant case. The notice of appeal was otherwise in proper form. On August 20, 1984, we allowed plaintiffs' motion to amend the notice of appeal "to reflect the additional trial No. 82—MR—21" and permitted plaintiffs to supplement the record with the trial court record in case No. 82—MR—21.

■ In *McMahon v. McMahon* (1981), 97 Ill. App. 3d 448, 422 N.E.2d 1150, the court stated the following general rules: (1) The purpose of a notice of appeal is to inform the party prevailing in the trial court that the other party seeks a review of the judgment; (2) accordingly, the notice of appeal is to be liberally construed; and (3) defects in the form of the notice of appeal will not deprive the reviewing court of jurisdiction.

Here, the notice of appeal was filed within 30 days after the entry of the trial court's denial of plaintiffs' motion to reconsider in case No. 82—MR—21. The notice did not contain the dates upon which the orders cited in the notice were entered, but the notice referred to a motion by plaintiffs to reconsider. No such motion was made in case No. 77—LM—154. Furthermore, that 1977 case was dismissed without prejudice, making an appeal at least unlikely, if not impossible.

■ The notice of appeal was fully sufficient to apprise defendants that an appeal was being taken in case No. 82—MR—21. A liberal construction of the notice of appeal requires us to deem it sufficient to constitute a timely filed notice of appeal in case No. 82—MR—21. The formal defects in the notice did not deprive us of jurisdiction of this appeal.

Accordingly, (1) the motion of defendants to dismiss the appeal is denied; and (2) the order of the circuit court of Morgan County dismissing the complaint in bar of action is affirmed.

Motion to dismiss denied.

Affirmed.

WEBBER and MILLS, JJ., concur.